FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
JAN 6 1 30 PM '00
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES of AMERICA | * | CIVIL ACTION |
| v. | * | NUMBER: 99-1502 R(1) |
| CYRUS I LIMITED PARTNERSHIP, BAHAR DEVELOPMENT, INC. and | * | JUDGE VANCE |
| JAMES SHERIDAN | * | MAGISTRATE SHUSHAN |

* * *

# CONSENT DECREE

This Consent Decree resolves this action brought by the United States on behalf of Jay Reine and the Greater New Orleans Fair Housing Action Center (hereinafter "FHAC") against Cyrus I Limited Partnership, et al.

## SUMMARY OF THE CASE

Jay Reine and the Greater New Orleans Fair Housing Action Center filed a complaint with HUD in 1996 alleging that Abba Apartments engaged in racial discrimination in housing by subjecting Mr. Reine to different and more stringent conditions than other applicants and by misrepresenting the availability of housing. FHAC also conducted testing that it relied on to corroborate these allegations.

Defendants, Cyrus I Limited Partnership, Federal Tax I.D.# 72-1191269, a Louisiana Partnership in Commendam and Bahar Development, Inc., Federal Tax I.D.# 31-1242507, as managing General Partner of Cyrus I Limited Partnership deny all allegations that any one of them or any employee of theirs ever discriminated or tolerated discrimination at the Abba Apartments and further maintains that its corporate policy from long before this claim until long past the time of this

DATE OF ENTRY JAN - 7 2000

Fee
Process
X Dktd
CtRmDep
Doc.No. 8

decree is not to tolerate any discrimination by any employee at any time for any reason. Defendants deny that its policies are reflected in Section I, paragraphs A to G. By entering into this Decree, defendants are not agreeing that at any time it or any of its employees ever did any of the acts charged. Defendants, Cyrus I Limited Partnership, Federal Tax I.D.# 72-1191269, A Louisiana Partnership in Commendam and Bahar Development, Inc., Federal Tax I.D.# 31-1242507, enter into this Consent Decree in a spirit of compromise and an effort to bring this unfortunate matter to a close.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. INJUNCTION AGAINST FUTURE DISCRIMINATION

General. The defendants, their agents, employees, successors, and all persons in active concert or participation with any of them shall continue their policy of not discriminating in any aspect of the rental of dwellings because of race which is in violation of the Fair Housing Act, as amended, 42 U.S.C. §3601 et seq., including but not limited to the following:

A. Discouraging or encouraging prospective tenants from obtaining information about, viewing, applying to rent, or renting any dwelling, on the basis of race;

B. Misrepresenting the availability of apartments for rent on the basis of race;

C. Withholding information regarding the availability of apartments for rent on the basis of race;

D. Steering persons seeking housing to particular units on the basis of race;

E. Taking any action tending to remove, or assist in the removal of, any tenant from a rental unit on the basis of race;

F. Making, printing, or publishing, or causing to be made, printed, or published, any statement with respect to the rental of a dwelling or apartment that indicates any preference based

on race; and

G. Providing different terms or conditions in housing on the basis of race.

## II. NONDISCRIMINATORY POLICIES

A. Adoption of Nondiscriminatory Policies. In addition to Defendants' existing nondiscriminatory policy, Defendants shall immediately adopt and implement objective, uniform nondiscriminatory standards in renting housing units as set out in Exhibit "A". When assisting persons seeking housing and processing applications, defendants shall take all reasonable steps to ensure that all housing units rented by defendants are rented on a nondiscriminatory basis.

B. Implementation and Display of Policies. The Defendants, as of the date of entry of this Decree, shall implement and adhere to the policies set forth in Exhibit A. The defendants shall furnish a copy of Exhibit A to each current managerial employee or residential leasing agent, and to each future managerial employee or residential leasing agent within one week of the beginning of the employment or agency relationship, and obtain the signature of such person on Exhibit A.

## III. MONETARY COMPENSATION

Damage to Parties. No later than December 31, 1999, Defendants shall pay to the Greater New Orleans Fair Housing Action Center on behalf of Jay Reine and the Greater New Orleans Fair Housing Action Center, twelve thousand, five hundred dollars and no cents ($12,500).

## IV. FAIR HOUSING TRAINING

A. Training of Defendants and Their Agents. Defendants, as well as defendants' current employees and agents (who deal in any way with the rental or management of residential rental properties within the Eastern District of Louisiana), shall undergo comprehensive fair housing training by the Greater New Orleans Fair Housing Action Center. The training shall include all local, state

and federal laws regarding housing discrimination and shall last at least 3 hours. All training shall be completed within 120 days of the date of entry of this Decree. Any Defendant or defendant's agent who does not attend this session must attend a make-up session within 150 days of the date of entry of this Decree. Each individual shall sign a statement verifying under oath that they have received the requisite fair housing training pursuant to this paragraph (see Exhibit B), and shall mail such signed statement to the U.S. Attorney's office within 150 days of the date of entry of this Decree. The Defendants will retain all training materials provided by the trainer and will provide such materials (along with Exhibits A and B) to new employees or agents who have responsibility in renting or managing their properties.

B. Records of Training Sessions. The Defendants shall each maintain a separate record of the training sessions attended by them or their agents, indicating the date, location, duration, trainer, attendees, and topics covered for each session.

C. Notice to Employees and Agents. In addition the Defendants will:

1. Furnish to each current and future residential managerial employee or leasing agent a summary of this Decree (Exhibit C) and inform each employee or agent that noncompliance with this Decree may lead to sanctions imposed by the Court.

2. Secure from each current and future residential managerial employee or leasing agent that he or she has received read, and understands Exhibits A, B and C and the statement of nondiscriminatory policy described therein. Copies of Exhibits A and B shall be provided to the United States Attorney's office within 120 days of the date of entry of this Decree for current

employees and agents; and within 60 days of the beginning of the agency relationship, for future employees and agents.

## V. PUBLIC NOTICE AND OUTREACH

A. Fair Housing Poster and Logo. Defendants will continue to post and maintain a fair housing sign in a form approved by the Secretary of HUD in all offices in which they perform any business related to housing. Similarly, Defendants shall continue to include the words "Equal Housing Opportunity Provider" or the fair housing logo in all advertising conducted and paid for by Defendants in newspapers, radio, television or other media, including telephone directory display ads, and on all billboards, signs, pamphlets, brochures, and other promotional literature. Those words shall be prominently placed and easily legible.

B. Nondiscrimination Statement. Defendants shall continue *to* include the following statement on all prospect sheets, questionnaires, rental applications, and leases (unless the lease displays a preprinted Fair Housing logo as defined in this Section):

> We are and equal housing opportunity provider. We do not discriminate on the basis of race, color, religion, sex, familial status, national origin, or disability.

C. Timing. Defendants shall satisfy the requirements set out in subsection A and B of Section V. within 60 days of the entry of this Decree.

## VI. RECORDKEEPING

A. Records of Rental Transactions. Commencing on the date of entry of this Decree , for each unit rented by Defendants, they will retain a copy of a photo I.D. of the new tenant. (A photo I.D. will not be deemed "unavailable" unless a Defendant asks the prospective tenant involved

for a copy of such I.D. and is told that the prospective tenant has none.) Defendant will maintain a ledger setting out the race for each tenant, and record such information in the ledger. The ledger will compile and maintain a separate list of units rented which will include the full address of the unit along with the new tenant's name, forwarding address (if given at the completion of the rental term), telephone number, and race. Defendants will obtain the race information based on personal observation only; where the race of a client cannot be ascertained based on personal observation, this fact shall be noted.

B. Records of Persons Shown Units. Commencing on the date of entry of this Decree, the Defendants must maintain a record of the prospective tenants shown rental units. The listing shall include the date; the full address of the unit; the name of the person showing the unit; and the name, race, and telephone number of the person shown the unit.

C. Access to Records. During the life of this Decree, the Defendants shall preserve all records which are the source of, or contain, any of the information pertinent to Defendants' obligations under this Decree, including, but not limited to, any document, notice, signed statement, or other record required to be generated pursuant to this Decree. This specifically includes, but is not limited to, records generated or received pursuant to Sections II.A and II.B (promulgation of nondiscriminatory policies), Section IV (training session records), V.A. (fair housing poster and logo), V.B. (nondiscrimination statement on office forms), and V.C. (advertising). All such records shall be made available to the FHAC upon written request at any time during the life of this Decree. The FHAC shall endeavor to minimize any inconvenience to Defendants in reviewing and/or obtaining copies of these documents. Defendants may not destroy any such record without providing the FHAC 45 days' notice and an opportunity to copy such records at its expense.

## VII. REPORTING

A. Annual Report. During the life of this Decree the Defendants shall submit an annual report with an end date of December 31 to the FHAC detailing its compliance with the provisions of this Decree. The first report shall cover the period beginning with the date of entry of this Decree, and each subsequent report shall cover the next one-year period. Each report is due by January 31. The report shall include a paragraph-by-paragraph description of all actions taken to comply with each paragraph of this Decree. It shall also include, as attachments, the records for that reporting period described in paragraphs A-C of Section VI. The Defendants' report shall be signed by the defendants as a declaration pursuant to 28 U.S.C. §1746.

B. Notice of Discrimination Complaints. Defendants, during the term of this Decree, shall advise the FHAC in writing within 60 days of receipt of any written administrative or legal complaint against Defendants, or against any of Defendant's employees, agents or residential rental properties, alleging housing discrimination.

## VIII. ADMINISTRATION OF DECREE

A. Enforcement. This Decree is the order of the Court. Any Defendant who fails to comply with any of its terms, whether through commission or omission, may be subject to sanctions and civil contempt. At any time during the life of this Decree or within 30 days of the end of this Decree, the complainant may make a motion to enforce the decree and for sanctions. If the Court grants relief, the movant will be entitled to reimbursement of costs and fees at the discretion of the Court if the Court finds that the losing party was unreasonable.

B. Modification. This Decree may be modified at any time by written agreement of the parties. Such written agreement shall be submitted ot the Court. Once the agreement is filed with

the Court, the parties may act as though the modification is approved until such time as the Court indicates otherwise.

C. Term and Disposition. This action is dismissed with prejudice, except that the Court retains jurisdiction to enforce the Decree. This Decree will terminate automatically on December 31, 2002. If a plaintiff makes a timely showing that Defendants have not substantially complied with the terms of this Decree, or have failed to act in good faith with respect to any term of this Decree, or that the interest of justice otherwise justify the extension of this Decree, the Court in its discretion may extend the term of this Decree. The parties to this Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution.

ORDERED this 5th day of January, ~~1999~~ 2000.

[signature]
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Decree:

[signature]
J. WILLIAM STARR
Attorney for Bahar Development, Inc.
3421 N. Causeway Boulevard
Suite 601
Metairie, Louisiana 70002
Telephone (504) 832-1966